## McGRATH v. MURTHA & SCHMOHL CO.

(Supreme Court, Appellate Division, First Department.   October 23, 1908.)

DISMISSAL AND NONSUIT (§ 60*)—DELAY IN PROSECUTION—RIGHT TO DISMISSAL.
  A complaint for damages for negligent death should have been dismissed on defendant's motion, where the case was never placed on the calendar, issues of later dates had been tried, and the only excuse offered was that plaintiff's attorney found an entry on his register that his managing clerk had directed his assistant not to place the case on the calendar, and the matter was not called to his attention; it not appearing that the direction did not result from plaintiff's voluntary act and determination to abandon the action.

  [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–142; Dec. Dig. § 60.*]

Appeal from Special Term.

Action by Michael McGrath, as administrator of John McGrath, against the Murtha & Schmohl Company.   From an order refusing to

dismiss the complaint for failure to prosecute, defendant appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

George W. Smyth, for appellant.

Thomas J. O'Neill, for respondent.

INGRAHAM, J. This action was commenced on the 15th of November, 1906, and issue was joined the 12th of December, 1906. The case was never placed on the calendar, and issues of a later date have been tried. The action is to recover $10,000 damages caused by the death of the plaintiff's intestate. The only excuse offered was that the plaintiff's attorney found an entry on his register, dated August 29, 1906, that his managing clerk had directed his assistant not to place the case on the calendar, and the matter was not called to his attention. No affidavit of the plaintiff was presented, and nothing to show that this direction was not the result of a determination by the plaintiff to abandon the action, or that the delay was not the voluntary act of the plaintiff. The defendant having brought itself within the provisions of the Code of Civil Procedure which justifies the court in dismissing the complaint for failure to prosecute where younger issues have been tried, and no excuse having been offered for the delay, the motion should have been granted.

The order is therefore reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

WOODS v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. October 22, 1908.)

TRIAL (§ 295*)—INSTRUCTIONS.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

Appeal from Trial Term, Kings County.